```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,           :
JOHN WILEY & SONS, INC.,
And THOMSON LEARNING INC.,         :

                  Plaintiffs,      :     ECF Case

         -against-                  :     06 Civ. 6071 (JSR)

YUSTIANO TJIPTOWIDJOJO D/B/A       :
"VERNAMORA1," "MICHELADOLFO1,"
"GODFREY_OF_IBELIN" AND JOHN       :
DOES NOS. 1-5,
                                   :
                  Defendants.
                                   :
- - - - - - - - - - - - - - - - -x
```

MEMORANDUM OF LAW OF PLAINTIFFS IN SUPPORT
OF THEIR MOTION FOR ATTORNEYS' FEES

Plaintiffs respectfully submit this memorandum in support of their motion for an award of attorneys' fees pursuant to 17 U.S.C. § 505.

Preliminary Statement

On May 2, 2007, the Jury returned a verdict for plaintiffs in the amount of $71,170 in actual damages and $213,000 in statutory damages. The Court entered judgment for $213,000 in statutory damages on May 11, 2007. The remaining issues are whether plaintiffs are entitled to recover attorneys' fees in this action and, if so, in what amount.

Argument

I.

PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES BASED UPON THE WILFULNESS OF DEFENDANT'S INFRINGEMENT

17 U.S.C. § 505 states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

Courts in this Circuit generally award attorneys' fees in cases involving willful infringement. Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999); Richard Feiner & Co. Inc. v. Turner Entertainment Co., 73 U.S.P.Q.2d 221, 2004 U.S. Dist. LEXIS 238969 at *2-3 (S.D.N.Y. 2004).

Here, the defendant was a willful infringer. Because the Court charged the Jury that it could not award statutory damages unless it found defendant's infringement to be willful, and because the Jury awarded statutory damages, the Jury necessarily found that the defendant was a willful infringer.  The Court therefore has an ample

basis to award plaintiffs their reasonable attorneys' fees.

The Court should exercise its discretion to award reasonable attorney's fees.  In granting plaintiffs' motion for summary judgment on for liability on plaintiffs' claims for copyright infringement, the Court referred to the defendant as a "blatant crook." (Tr. 3/23/07 at 20:22)

The amount of the judgment represented more that three times defendant's profit from his infringement.  It was $50,000 higher than plaintiffs were willing to accept after negotiating with defendant in September 2006. (Declaration of Mr. Tjiptowidjojo dated February 28, 2007 ¶ 5; Docket No. 17)

II.

THE COURT SHOULD AWARD PLAINTIFF
THE ENTIRE AMOUNT THAT THEY SEEK

As set forth in the accompanying declaration of William Dunnegan, plaintiffs incurred attorneys' fees of more than $115,078 in prosecuting this action, including defending the baseless counterclaims.  Plaintiffs proceeded in a relatively efficient manner.

## Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court award them $115,078 in attorneys' fees.

Dated:  New York, New York
        May 21, 2007

                                        PERKINS & DUNNEGAN

                                        By _/s/ William Dunnegan_
                                            William Dunnegan (WD9316)
                                           Megan L. Martin (MM4396)
                                      Attorneys for Plaintiffs
                                         Pearson Education, Inc.,
                                         Thomson Learning Inc. and
                                         John Wiley & Sons, Inc.
                                      45 Rockefeller Plaza
                                      New York, New York 10111
                                      (212) 332-8300